| | | |
|---|---|---|
| **RETURN DATE: FEBRUARY 2, 2021** | : | **SUPERIOR COURT** |
| **MARION WILLIAMS** | : | **J.D. OF WINDHAM** |
| VS. | : | **AT PUTNAM** |
| **RICHARD HANS ALLETAG**<br>**D & M CARRIERS LLC** | : | **DECEMBER 22, 2020** |

## COMPLAINT

**COUNT ONE:** (Negligence as to defendant-driver)

1. The plaintiff Marion Williams is a resident of the State of Georgia with his place of residence being in the City of Conyers.

2. The defendant Richard Hans Alletag is a resident of the State of California with his place of residence being in the City of San Diego.

3. On or about July 13, 2019, at approximately 4:00 p.m., the plaintiff, Marion Williams (hereinafter the "plaintiff"), was the operator of a 2016 Freightliner Cascadi parked in the Frito- Lay Inc. parking lot located at 1886 Upper Maple Street in Dayville, CT.

4. At the same time and place, the defendant-operator, Richard Hans Alletag (hereinafter the "defendant-operator"), was the operator of a Tractor Trailer Truck traveling making a U-turn within the aforementioned parking lot.

5. As the plaintiff was parked in his vehicle, the defendant-operator, suddenly and without warning, drove directly into the plaintiff's vehicle while attempting to make a U-turn (hereinafter the "collision").

6. At all times mentioned herein, the defendant-operator, Richard Hans Alletag, was operating a tractor trailer truck owned by the defendant-owner, D & M Carriers LLC, at the time of this collision.

7. This collision, and the resulting injuries and losses suffered by the plaintiff, was due to the negligence and carelessness of the defendant-operator, Richard Hans Alletag, in that :

   a. turned a motor vehicle from a direct course when such movement could not be made with reasonable safety in violation of C.G.S. §14-242(a);

   b. failed to provide a signal of intention before turning said his vehicle in violation of C.G.S. §14-242(b);

   c. moved from a lane of travel without first ascertaining if such movement could be made with reasonable safety in violation of C.G.S. §14-236;

   d. failed to keep a proper and reasonable lookout for other vehicles;

   e. failed to apply his vehicle's brakes in time to avoid the collision, although in the exercise of due care, could and should have done so; and

   f. failed to turn his motor vehicle to the left or to the right so as to avoid the collision, although in the exercise of due care, could and should have done so.

8. As a result of this collision, the plaintiff suffered the injuries or exacerbations as set forth below, some of which injuries or exacerbations, or the effects thereof, being permanent in nature:

   a. Fluid in the left AC joint and spurring on the inferior margin of the AC joint contributing to medical arch impingement in the left shoulder;

   b. Type II acromion process of the scapula contributing to lateral arch impingment in the left shoulder;

   c. Left side rotator cuff tendinosis, tendinopathy, and minimal intrasubstance tearing in the distal 2 cm of the supraspinatus tendon of the left shoulder;

   d. Intrasubstance tearing in the distal 2cm of the subscapularis tendon of the

       left shoulder;

e.    Left bicep tenosynovitis;

f.    Straightening of the cervical spine with loss of the normal lordosis with associated kyphosis;

g.    C2-3 disc bulge of the cervical spine;

h.    C3-4 disc bulge of the cervical spine;

i.    C4-5 focal central herniated disc protrusion narrowing the neural foramen bilaterally in the cervical spine;

j.    C5-6 central and left paracentral herniated disc protrusion and bone spur with the herniated disc component demonstrating annular tear in the cervical spine;

k.    C6-7 Paracentral herniated disc protrusion with annular tear touching the cord and extending into and narrowing the left neural foramenin the cervical spine; and

l.    Cervical sprain/strain.

9.    As a further result of the collision described above, the plaintiff has experienced, and will continue to experience in the future, pain and suffering, surgery, an increased likelihood of future medical treatment, surgery, and/or disorders, and fear and apprehension of such future medical treatment, surgery, and/or disorders.

10.    As a further result of these injuries, the plaintiff has incurred, and may continue to incur, medical expenses.

11.    As a further result of these injuries, the ability of the plaintiff to pursue and enjoy life's leisure activities has been reduced.

12.    As a further result of these injuries, that plaintiff lost income and may continue to do so in the future.

**COUNT TWO:** (Imputed liability as to defendant-owner)

1-12.   Paragraphs one through twelve of Count One are hereby incorporated and made paragraphs one through twelve of this Count Two as if fully set forth herein.

13.   The defendant, Richard Hans Alletag, drove the vehicle of the defendant, D & M Carriers LLC, with the authorization of and/or as the agent of the defendant, D & M Carriers LLC, pursuant to §52-182 and/or §52-183 of the Connecticut General Statutes.

14.   The defendant-owner, D & M Carriers LLC, is liable for the negligence of the defendant-operator, Richard Hans Alletag.

WHEREFORE, the Plaintiff claims:

1. Monetary relief; and

2. Such other and further relief as the Court deems appropriate.

PLAINTIFF:
Marion Williams,

By: Anthony J. Masone, Esq.
Andrew Bottinick, Esq.
Carter Mario Law Firm
100 Plains Road
Milford, CT
Tel. No: 203-876-2711
Juris No: 106160

| | | |
|---|---|---|
| **RETURN DATE: FEBRUARY 2, 2021** | : | **SUPERIOR COURT** |
| **MARION WILLIAMS** | : | **J.D. OF WINDHAM** |
| VS. | : | **AT PUTNAM** |
| **RICHARD HANS ALLETAG**<br>**D & M CARRIERS LLC** | : | **DECEMBER 22, 2020** |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00, exclusive of interest and costs.

PLAINTIFF:
Marion Williams,

By: Anthony J. Masone, Esq.
Andrew Bottinick, Esq.
Carter Mario Law Firm
100 Plains Road
Milford, CT 06461
Tel. No: 203-876-2711
Juris No: 106160